# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| STEVEN ARPKE, individually and on behalf of all others similarly situated, | * * * | NO. _____ |
| Plaintiff, | * * | |
| v. | * * | |
| CROSSTOWN COURIER, INC., | * * | |
| Defendant. | * | |

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

COMES NOW Plaintiff Steven Arpke ("Plaintiff"), individually and on behalf of others similarly situated, by and through counsel, and for his Original Complaint–Collective Action ("Complaint") against Defendant Crosstown Courier, Inc. ("Defendant" or "Crosstown"), and in support thereof does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and other similarly situated individuals overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Tennessee has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. A substantial part of the acts complained of herein were committed and had their principal effect within the Chattanooga Division of the Eastern District of Tennessee; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

4. Plaintiff Steven Arpke is an individual and resident of Georgia.

5. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a courier and misclassified as an independent contractor, as a result, he was treated by Defendant as though the FLSA did not apply to him.

6. Crosstown is a domestic for-profit corporation, registered to do business in the State of Tennessee, providing delivery services throughout Tennessee and the immediately surrounding areas.

7. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

8. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce, including but not limited to,

vehicles, pharmaceutical products, GPS units, and other goods necessary to operate a delivery and logistics service.

9. Crosstown is headquartered at 1450 Gould Boulevard, LaVergne, Tennessee 37086-3513.

10. HR and other payment decisions and directives are made at Crosstown's headquarters.

11. The agent for service for Crosstown is Mr. T. Gaillard Uhlhorn, V, and he is located at 100 Peabody Place, Suite 900, Memphis, Tennessee 38103-3653.

### IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as though fully incorporated herein.

13. Defendant's primary business purpose is to provide delivery services, and Defendant employs courier drivers to accomplish this goal.

14. Defendant was/is an employer for purposes of the FLSA of the couriers, including Plaintiff and the Putative Class Members, throughout the relevant time period in this case.

15. Within three years prior to the filing of this Complaint, Defendant hired Plaintiff, among other individuals, to perform duties as a courier driver.

16. Defendant did not properly record the amount of hours spent by Plaintiff or other couriers performing deliveries.

17. Defendant set the pay rate for couriers. Defendant compensated couriers, including Plaintiff, for their work on a flat rate basis.

18. Couriers, including Plaintiff, regularly performed their duties for more than forty hours per week.

73290

19. Defendant knew or should have known that the job duties of couriers, including Plaintiff, required them to work hours in excess of forty per week.

20. Defendant failed to pay couriers, including Plaintiff, one-and-one-half times their regular rate for hours that they worked in excess of forty per week.

21. Defendant exercised comprehensive control over the employment of its couriers, including Plaintiff's employment.

22. Defendant required couriers to follow a schedule in performing their routes/deliveries.

23. Couriers could not refuse pick-ups or deliveries on their assigned route.

24. Defendant ordered couriers to make additional stops on their routes. Couriers could not refuse to make these additional deliveries/pick-ups.

25. Defendant required couriers to use Crosstown's papers, forms and document tracking and retention protocols.

26. Defendant required couriers to call in if they were going to be late for a delivery.

27. Defendant monitored couriers and reprimanded them when they were late.

28. Defendant required couriers to stay in contact with Defendant by cellular telephone throughout their workday to confirm deliveries.

29. Defendant required couriers to wear a uniform while performing their job and reprimanded couriers if they failed to wear their uniform.

30. Defendant audited or spot-checked couriers to make sure that they were in compliance with company rules.

31. Defendant terminated couriers if they violated company rules or did not perform their deliveries according to Defendant's schedule.

73290

32. Couriers were required to have a background check and drug screening before they could work for Defendant.

33. Defendant knew or should have known that the FLSA applied to the operation of its courier operations at all relevant times.

34. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of couriers.

35. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance its profits.

## V. LEGAL ALLEGATIONS

36. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. Individual Claim for FLSA Overtime Violations

37. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

38. Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

39. Defendant knew or should have known of its obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

73290

40. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

### B. Collective Action Claims for Violation of the FLSA

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. In addition to his individual claims against Defendant, Plaintiff brings claims for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period.

43. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each person who worked as a courier for Defendant at any time during the three years preceding the filing of the Original Complaint.**

44. Throughout the statute of limitations period covered by these claims, Plaintiff and Putative Class Members regularly worked in excess of forty (40) hours per week, and Putative Class Members continue to do so.

45. At all relevant times, Defendant operated under common policies, plans and practices of failing and refusing to pay Plaintiff and Putative Class Members at one-and-one-half times their regular rate for work in excess of forty (40) in each workweek in violation of the FLSA.

46. Defendant knew or should have known of its obligation to pay the Putative Class Members at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

73290

47. Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Putative Class Members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Steven Arpke, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period;

G. An order directing Defendant to pay Plaintiff and Putative Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By: _s/ Frank P. Pinchak_____
      Frank P. Pinchak, BPR No. 002094
      Donna J. Mikel, BPR No. 020777
      Attorneys for Plaintiff
      711 Cherry Street
      Chattanooga, TN 37402
      Phone: (423) 266-2121
      Fax: (423) 266-3324
      Email: fpinchak@bdplawfirm.com
      Email: dmikel@bdplawfirm.com