# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA

| | |
|---|---|
| Steven Arpke,<br><br>*Plaintiff*,<br><br>v.<br><br>Crosstown Courier, Inc.,<br><br>*Defendant*. | Civil Action No. 1:17-cv-00185<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR ENTRY OF DISMISSAL WITH PREJUDICE

The Parties, by and through their undersigned counsel, respectfully move this Court for an Order approving the terms of the settlement reached by the parties and for dismissal of this action with prejudice. In support of this motion, the Parties state as follows:

1. This is an action alleging violations of the Fair Labor Standards Act, 29 U.S.C., Section 201 *et seq.* This action was conditionally certified as an FLSA collective action pursuant to 29 U.S.C. 216(b). After issuance of a Court-approved notice, each of the opt-in-plaintiffs voluntarily and affirmatively joined this action ("opted in"), to which the named plaintiffs had previously consented.

2. The claims involve numerous contested issues of fact and law. Defendant denies that it has engaged in any unlawful conduct. Defendant denies liability, damages entitlement and calculations, and disputes the timeliness of some of Plaintiff's claims. Defendant believes that it would prevail on the merits, either at trial or through motion practice. Plaintiffs similarly believe that they would prevail on the merits of these claims.

3. After arms-length negotiations, the Parties have reached a settlement of this collective action. This settlement was partly the product of a full day of face-to-face mediation in Nashville, Tennessee, on November 5, 2018. Michael Russell served as mediator. Prior to mediation, Defendant provided to Plaintiff's counsel a spreadsheet containing alleged delivery locations and times, alleged hours per week, weekly pay amounts, and dates of each plaintiff's alleged employment. Defendant also shared information relating to certain plaintiffs' ability to properly remain in the class. The Parties discussed and independently analyzed this information for purposes of calculating the risks and rewards of continuing with litigation. Throughout the mediation and settlement process the Parties have each been represented and assisted by their respective undersigned attorneys and have had the benefit of their counsel and advice. On or about December 18, 2018, the Parties executed a Settlement Agreement (the "Agreement") setting forth all of the terms of the agreed upon settlement, which is attached as Exhibit 1.

4. The Agreement does not constitute and shall not be deemed to be a finding or determination by the Court, nor an admission by any party, regarding the merits, validity or accuracy of any of the allegations, claims or defenses. The Agreement represents the compromise of disputed claims that the Parties recognize would require protracted and costly litigation to determine. Defendant's agreement to this Motion, and entry into the Agreement, is not and may not be used by any person in any proceeding as an admission or evidence that Defendant engaged in any unlawful conduct, such being expressly denied.

5. The Agreement was negotiated on behalf of all the Parties, and the terms of the Agreement reflect a reasonable compromise of the Parties' many disputed issues of law and of fact. The Agreement fairly and reasonably compromises each party's interests, benefits, and rights, pursuant to the criteria and policy considerations set forth in Lynn's Food Stores, Inc. v.

United States, 679 F. 2d 1350, 1354 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.")

6. For settlement purposes only, the Parties agree that a collective action may be certified in this action, and jointly request that the Court certify for settlement purposes only a collective action under Section 216(b) of the FLSA, said collective action being comprised of all individuals who worked for Defendant at any time since June 29, 2014, who timely submitted opt-in-notices consenting to be Plaintiffs with respect to the FLSA claims in this litigation.

7. The Agreement impacts only the claims of the Plaintiffs who, after issuance of the notice of conditional certification approved by this Court, have affirmatively opted-in to this lawsuit and agreed to be represented by Plaintiffs' Counsel. Individuals who did not affirmatively opt in to this lawsuit and affirmatively agree to be represented by Plaintiffs' Counsel will not participate in the Agreement.

8. The Agreement provides for payments to the Plaintiffs in a manner negotiated by the Parties. The Agreement is designed to take into account the many difficult legal and factual issues that arose in this litigation, including the information exchanged and considered by the Parties.

9. The attorneys' fees component of the Agreement is forty percent of the total gross amount recovered. The Parties agreed that the fee is reasonable and that Plaintiff is not required to separately petition this Court for approval of the fee. Nonetheless, Plaintiff's attorneys are submitting their declarations and billing records directly to chambers via email for this Court's *in camera* review.

10. The Agreement further provides that the Parties will request that this Court dismiss this action, with prejudice, reserving jurisdiction solely to enforce the Agreement.

**WHEREFORE**, the Parties hereby respectfully move for approval of the settlement and for an entry reflecting its approval, the dismissal of this action with prejudice, and reserving jurisdiction only to enforce the Agreement. All Parties shall bear his or its own costs. A proposed Order is submitted herewith.

Respectfully submitted,

/s/ Joshua West
Joshua West
*Pro Hac Vice*
west@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Frank P. Pinchak
BPR No. 002094
Donna J. Mikel
BPR No. 020777
BURNETTE, DOBSON & PINCHAK
711 Cherry Street
Chattanooga, TN 37402
Telephone: (432) 266-2121
Facsimile: (423) 266-3324
fpinchak@bdplawfirm.com
dmikel@bdplawfirm.com

*Attorneys for Plaintiff*


s/ Mary Taylor Gallagher
Mary Taylor Gallagher, #21482
Christopher W. Cardwell, #19751
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
mtgallagher@gsrm.com
ccardwell@gsrm.com

*Attorneys for Defendant Crosstown Courier, Inc.*