IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | |
|---|---|
| Steven Arpke,<br><br>      *Plaintiff*,<br><br>v.<br><br>Crosstown Courier, Inc.,<br><br>      *Defendant*. | Case No. 1:17-cv-00185<br><br>Judge Steger |

## ORDER APPROVING SETTLEMENT, SERVICE AWARDS, ATTORNEY FEES AND COSTS

The above-entitled matter came before the Court on Plaintiffs' and Defendants' Joint Motion for Approval of Settlement and for Entry of Dismissal with Prejudice ("Motion for Settlement Approval") [Doc. 50]. After reviewing the Motion for Settlement Approval and the Settlement Agreement [Doc. 50], and considering the presentations by counsel for Plaintiffs and Defendant at the February 12, 2019, hearing, the Motion for Settlement Approval [Doc. 50] is **GRANTED**. The Court hereby **ORDERS** as follows:

### The Settlement Is Approved

1.  The Court approves and incorporates by reference all of the definitions contained in the Settlement Agreement [Doc. 50-1]. The Court hereby approves the Eighty-Two Thousand Five Hundred Dollars ($82,500.00) collective action settlement (the "Settlement Payment"). A district court should approve an FLSA collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Filby v. Windsor Mold USA, Inc.*, 2015

WL 1119732, at *3 (N.D. Ohio March 11, 2015) (quoting *Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637, at *2 (N.D. Ohio 2014); *see also Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144, at * 5 (S.D. Ohio May 30, 2012).

2. Here, the collective action settlement meets the above-referenced standard for approval. First, the parties agree – and the Court finds – that the collective action settlement was the result of vigorously contested litigation. The case was actively litigated by both parties. Plaintiffs filed a Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, [Doc. 28], which Defendants initially opposed. Thereafter, the Parties engaged in written discovery and document production, including records for all Plaintiffs, and negotiated this settlement during a full day of face-to-face mediation with a Rule 31 mediator.

3. The Court finds that the second prong of the Court's settlement approval inquiry, to *wit*, whether the collective action settlement is a fair and reasonable resolution of a bona fide dispute between the parties, is also satisfied.

4. To determine whether a collective action settlement is "fair and reasonable," the Court analyzes the following factors: (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact existed that placed the ultimate outcome of the litigation in doubt; (3) whether the value of immediate settlement outweighs the mere possibility of future relief after protracted litigation; and (4) in the judgment of the parties, whether the settlement is fair and reasonable. *Cannon v. Time Warner NY Cable LLC*, 2015 WL 4498808 (D. Col. July 24, 2015). After careful review, and for the reasons detailed in the Motion for Settlement Approval [Doc. 50], each of these factors is satisfied.

5. The Court also concludes that a *bona fide* dispute existed between the parties. Defendant denied the material allegations of Plaintiffs' claims and any violation of the FLSA, and they vigorously defended their position throughout the litigation. *Swartz v. D-J Eng'g, Inc.*, 2016 WL 633872 (D. Kan. Feb. 17, 2016). The duration and complexity of the litigation contradict any suggestion that the settlement is a product of collusion.

### The Settlement Procedure Is Approved

6. A one-step settlement approval process in FLSA collective actions is appropriate. *See, e.g., Stokes v. Consol. Wings Inv., LLC,* No 15-cv-01932-RLY-DKL (S.D. Ind.), ECF No. 61 (approving FLSA collective action settlement in one step); *Briggs v. PNC Fin. Servs. Group, Inc.*, No. 15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016) *citing Koszyk v. Country Fin. a/k/a/ CC Servs., Inc.*, No 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("'A one-step settlement approval process is appropriate[]'" in FLSA settlements.). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

7. Service or incentive awards serve the purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and other burdens sustained by the plaintiffs. "Numerous

courts have authorized incentive awards [as] efficacious ways of encouraging member of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003); *accord Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *7 (N.D. Ohio March 8, 2010); see also Sand v. Greenberg, 2011 WL 784602, at *3 (S.D.N.Y. Oct. 6, 2011) (approving award in FLSA case because plaintiffs "took risks by putting their names in this lawsuit," including that of "blacklisting").

8. Here, the Named Plaintiff Steven Arpke, actively participated in the litigation and thus satisfies these factors. First, the Named Plaintiff took substantial actions to protect the interest of potential collective action members, and those actions resulted in a substantial benefit to the Settlement Class Members. Second, the Named Plaintiff undertook direct and indirect risk by agreeing to file this collective action lawsuit in their names. Third, the Named Plaintiff spent a significant amount of time and effort in pursuing this litigation on behalf of the Settlement Class Members. Such effort included time spent in pre-litigation assistance to Plaintiffs' Counsel in investigation the claims brought, as well as time spent assisting with the litigation, including providing a written declaration in support of Plaintiffs' Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information [Doc. 28].

9. For the foregoing reasons, a Service Award is approved for Plaintiff Steven Arpke in the amount of Three Thousand Five Hundred Dollars ($3,500.00).

**Fees and Costs of the Plaintiffs' Attorneys Are Approved**

10. Plaintiffs' counsel seeks Thirty-Three Thousand and Dollars ($33,000.00) in attorney fees, which represents approximately 40% of the total Settlement Payment. Pursuant to § 216(b) of the FLSA, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs

4

of the action." 29 U.S.C. § 216(b). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) (citing *United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir. 1984)).

11. The Sixth Circuit has approved both the "lodestar" and percentage of the fund method of payment of attorney fees. *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993). In determining the reasonableness of the fee award, the Court will consider the following factors: (1) the value of the benefit rendered to the class (i.e., the results achieved); (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides, *Bowling v. Pfizer*, 102 F.3d 777, 780 (6th Cir. 1996); *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

12. Based on their time expended on the case, the risk Plaintiffs' Counsel undertook in engaging in this litigation with no guarantee of any compensation, and the fair and reasonable result achieved for Settlement Class Members, Plaintiffs' Counsel is entitled to reasonable attorney fees in the amount of Thirty-Three Thousand Dollars ($33,000.00). The requested attorney fees are also justified because "[t]here is a public interest in ensuring that attorneys willing to represent clients in class action litigation are adequately paid so that they and others

5

Case 1:17-cv-00185-CHS    Document 56    Filed 02/19/19    Page 5 of 6    PageID #: 261

like them will continue to take on such cases." *Connectivity Sys. Inc. v. Nat'l City Bank,* 2011 WL 292008, at *14 (S.D. Ohio Jan. 25, 2011).

13. Plaintiffs' Counsel's request for reimbursement of Four Thousand Seven Hundred Five Dollars and 33/100 ($4,705.33) in actual out-of-pocket expenses incurred in prosecuting this case, including costs for filing and service fees, postage, research fees, and travel expenses is also granted. The Court finds these costs to be reasonably incurred.

### **Dismissal and Post-Judgment Procedure**

14. No later than seven (7) days after the date of this Order, Plaintiffs shall file a stipulation to dismiss the Action with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, with each party to bear its own fees and costs.

15. The Court will retain jurisdiction over this action only for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement [Doc. 50-1], including enforcement of the distribution of settlement funds.

16. The parties shall abide by all terms of the Settlement Agreement [Doc. 50-1], which are incorporated herein, as well as the terms of this Order.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE